John R. Ammerman, Robert L. Klein
and Brian G. Sumption, Plaintiffs,

ROI Investments,
Plaintiff-Appellant-Petitioner,

v.

Paddy A. Hauden and Susan A. Scholl,
Defendants-Respondents-Cross Petitioners.

Supreme Court

*No. 2003AP2249. Oral argument April 26, 2005.
—Decided June 17, 2005.*

2005 WI 79

(Also reported in 698 N.W.2d 609.)

For the plaintiff-appellant-pétitioner there were briefs by *George B. Strother, IV, Kristin J. Sederholm* and *Krekeler Strother, S.C.,* Madison, and oral argument by *George B. Strother.*

For the defendants-respondents-cross petitioners there were briefs by *Andrew W. Erlandson* and *Hurley, Burish & Milliken, S.C.,* Madison, and oral argument by *Andrew W. Erlandson.*

¶ 1. PER CURIAM. We dismiss the petition and cross-petition for review as improvidently granted.

¶ 2. Plaintiff, ROI Investments, petitioned, and defendants, Paddy Hauden and Susan Scholl, cross-petitioned this court for review of an unpublished decision of the court of appeals which affirmed in part and reversed in part the circuit court's judgment of $303,523.15 on counterclaims related to a failed real estate transaction.

¶ 3. The following issues were presented by the petition and cross-petition:

1. Did the circuit court properly award default judgment against the plaintiff, a partnership, because the partnership did not appear at trial with counsel even though two of the three partners appeared individually?

2. Did the circuit court properly award defendants damages based on loss-of-bargain?

3. Were defendants entitled to pre-judgment interest?

¶ 4. We accepted review primarily to address the issue of what constitutes an appearance in partnership law. After examination of the record and the briefs of the parties, and after hearing oral argument, we conclude that the record does not adequately present the principal question for which we took the case. Rather, the record demonstrates that the partners present at trial did not object to the numerous statements made by the circuit court indicating that there was no appearance on behalf of the partnership. Therefore, a default judgment was properly entered.

¶ 5. Accordingly, we determine that review in this case was improvidently granted, and we dismiss the petition and cross-petition for review.

*By the Court.*—Review of the decision of the court of appeals is dismissed.

¶ 6. PATIENCE DRAKE ROGGENSACK, J., withdrew from participation.